IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

                Plaintiff,

v.                                                              OPINION and ORDER

PETER JAEGER, MARK KARTMAN, JOSHUA                              22-cv-187-jdp
KOLBO, and BRETT WILKINSON,

                Defendants.

---

Plaintiff Robert L. Collins Bey, appearing pro se, filed this lawsuit in the Circuit Court for Dane County, Wisconsin, alleging that prison officials fabricated a conduct report against him and then withheld exculpatory evidence that could have prevented his disciplinary conviction.

Defendants removed the case to this court and have paid the $402 filing fee for this action. Collins Bey objects to the removal of this case and seeks remand to the state court. Dkt. 6. Collins Bey argues that the case cannot be removed without a hearing or approval from the state court judge, but that is incorrect. Under 28 U.S.C. § 1441, defendants have the right to remove any case that could have been filed originally in federal court. This case qualifies because Collins Bey brings claims for relief under federal law.

Collins Bey also argues that defendants seek to remove the case to this court because my rulings in other cases he filed here show that I am biased against him. A question about my bias isn't a reason to avoid removal to a federal court; it would be a reason for my recusal and assignment to another federal judge. In any event, Collins Bey does not demonstrate that I am biased against him. As I have previously explained to Collins Bey, recusal is not called for simply because I have made rulings he disagrees with. *See Liteky v. United States*, 510 U.S. 540,

555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal.").

Collins Bey also suggests that this case belongs in state court because his claims involve violations or interpretations of various DOC regulations. That isn't a reason to keep the case out of federal court. This court is fully capable of considering defendants' actions within the context of the state regulations. And I am unaware of any authority suggesting that a prisoner can bring a private cause of action for the violation of those regulations; challenges to actions under these regulations may be brought only in state court by certiorari action, if at all. *E.g., State ex rel. L'Minggio v. Gamble*, 2003 WI 82, ¶ 23, 263 Wis. 2d 55, 667 N.W.2d 1; *see also Outagamie County v. Smith*, 38 Wis. 2d 24, 34, 155 N.W.2d 639, 645 (1968) (with respect to laws that are not made enforceable by statute expressly, action is reviewable only by certiorari). Collins Bey remains free to file a certiorari action in state court, but this civil rights lawsuit has been properly removed.

Because Collins Bey is a prisoner, the next step is for me to screen his complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A.[1] In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Collins Bey's allegations fail to state a claim for relief so I will dismiss the case.

---

[1] Along with their notice of removal, defendants filed a motion for screening of Collins Bey's complaint. That motion will be denied as unnecessary.

ALLEGATIONS OF FACT

I draw the following facts from Collins Bey's complaint and the documents he attaches to it. *See* Fed. R. Civ. P. 10(c).

Collins Bey is an inmate at Wisconsin Secure Program Facility. In early December 2019, during medication pass, Collins Bey asked defendant Correctional Officer Brett Wilkinson if he would pass to another inmate a cookie that Collins Bey had saved from dinner. Wilkinson falsely told Collins Bey that there was a policy forbidding him from passing anything between inmates. Collins Bey asked Wilkinson for the policy number, called him a liar, and told him that "he could have been a man and simply said 'I' don't want to pass anything." Dkt. 1-2, at 7.

Wilkinson became upset and he later wrote Collins Bey a conduct report for threats and lying about this incident, fabricating what Collins Bey had said to him. Wilkinson said that after he refused to pass the cookie under prison policy, Collins Bey replied, "You just a fucking pussy and it's not against any policy," and, "The next person to come down here was going to get stabbed." *Id.* Defendant security director Mark Kartman approved the conduct report.

Leading up to the disciplinary hearing on the conduct report, Collins Bey wrote to Kartman requesting Wilkinson's bodycam footage from the incident and asking to postpone the disciplinary hearing until the footage was available. But Kartman did not postpone the hearing. Collins Bey also wrote to the records office telling staff to preserve footage of the incident for the hearing. But Kartman misunderstood the request, stating that "[t]he request "for video for future dates is unreasonable, we will not provide video for [the date of the upcoming hearing]." *Id.* at 34. Collins Bey's request was for the video of the incident, not footage of his upcoming hearing.

3

At the disciplinary hearing, Collins Bey presented testimony from a fellow inmate who said that Wilkinson's version of Collins Bey's statements was false. In particular, the inmate stated that Collins Bey did not threaten to stab Wilkinson. Instead, Collins Bey told Wilkinson, "'If' a riot happened and you were getting stabbed, and no one would help you you'll understand why, because you were being a dick and didn't have to be." *Id.* at 23.

Collins Bey was found guilty at a disciplinary hearing before defendant Lieutenant Joshua Kolbo, who punished him with 60 days of disciplinary separation. Defendant Kartman gave Collins Bey a "back of the cell" restriction, meaning that whenever a correctional officer entered the cell, Collins Bey had to kneel in the back of his cell with ankles crossed, facing the wall, with his open hands raised and pressed flat against the wall. Collins Bey was subjected to this restriction for about 25 days.

Collins Bey appealed the outcome of the disciplinary hearing, stating that he was denied exculpatory evidence in the form of the bodycam footage. Defendant Deputy Warden Peter Jaeger denied the appeal, stating that there were "[no] procedural errors evident." *Id.* at 43.

Collins Bey filed a grievance stating that he was unfairly denied the bodycam footage for his disciplinary hearing. Collins Bey won that grievance; officials ordered a new disciplinary hearing to be held after the footage was located, with Kartman reviewing the footage to determine its relevance. Collins Bey later received notice that the bodycam footage "does not exist." *Id.* at 42. Collins Bey did not receive a new hearing.

ANALYSIS

**A. Due process**

Collins Bey brings claims under several legal theories. He contends that defendants violated internal DOC rules and his right to procedural due process in his disciplinary proceedings by issuing him a false conduct report, approving the proceeding as a "major offense," proceeding without the bodycam evidence, failing to hold a new hearing, and ruling on the matter despite being biased against him.

Collins Bey's allegations do suggest that defendants mishandled his conduct report proceedings, at least by failing to attempt to procedure bodycam footage before holding the hearing. The DOC agrees: it ordered that Collins Bey receive a new hearing, which defendants did not provide him. Nonetheless, Collins Bey cannot proceed on any procedural due process claims.

Collins Bey cannot proceed on claims directly about defendants violating internal prison rules because the failure to comply with state procedural rules does not violate the federal Constitution. *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

In certain circumstances, problems in inmate disciplinary proceedings can state a claim for relief under the Due Process Clause of the Fourteenth Amendment. To prevail on a § 1983 procedural due process claim, a plaintiff must demonstrate that he: (1) has a cognizable property or liberty interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). The Supreme Court has explained that a prisoner's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995).

But Collins Bey's allegations regarding his conduct report do not support due process claims. For instance, Collins Bey contends that defendants gave him a false conduct report, but an improperly motivated or even false conduct report does not alone amount to a denial of due process. *See Lagerstrom v. Kingston*, 463 F.3d 621, 624–25 (7th Cir. 2006) (false conduct reports do not create procedural due process claim because inmate has ability to litigate truthfulness of report through hearing process). And he otherwise doesn't allege facts showing that he was subjected to an atypical and significant hardship. Inmates do not have a protected interest in avoiding short-term placement in segregated settings: his two-month placement in segregation wasn't long enough to trigger due process protections. *See, e.g.*, *Castillo v. Johnson*, 592 F. App'x 499, 502 (7th Cir. 2014) (two months in supermax conditions not long enough to create liberty interest); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) (prisoner's confinement in segregation for 240 days may implicate liberty interest). Nor was 25 days of a "back of cell" restriction significant enough to create a liberty interest. *See Hashim v. Hamblin*, No. 14-C-1265, 2015 WL 5918637, at *3 (E.D. Wis. Oct. 9, 2015) (back-of-cell kneeling restriction, among other conditions, not enough to create liberty interest); *O'Connor v. Carnahan*, No. 3:09CV224/WS/EMT, 2012 WL 2201522, at *10 (N.D. Fla. Mar. 27, 2012), (prisoner forced to kneel for transfers in and out of cell did not create liberty interest), *report and recommendation adopted*, No. 3:09CV224-WS, 2012 WL 2317546 (N.D. Fla. June 15, 2012).

I also take Collins Bey to be asking for his conduct report to be expunged because it has or will be used against him in administrative confinement hearings. But to state a constitutional

claim there must be a defendant with personal involvement in the alleged violation of the plaintiff's rights. His disciplinary conviction has already been overturned, and he doesn't explain how any of the named defendants are responsible for using the conduct report against him in other proceedings. So I will not grant him leave to proceed on a claim about this issue.

Collins Bey also contends that defendants violated his right to substantive due process by withholding exculpatory bodycam evidence. But courts are "reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992). Instead, "the protection from such arbitrary action [by prison officials] is found in the *procedures* mandated by due process." *Lagerstrom*, 463 F.3d at 625 (emphasis added and internal quotation omitted). But as already discussed, the relatively minor punishment that Collins Bey received is not enough to create a liberty or property interest providing him with due process protections. His allegations do not support a procedural or substantive due process claim.

**B. Retaliation**

Collins Bey also contends that defendant Wilkinson retaliated against him by fabricating parts of the conduct report against him to make it appear as if Collins Bey disrespected and threatened him. To establish a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in the defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Collins Bey's retaliation claim fails at the first element: his speech that allegedly angered Wilkinson into retaliating against him is not protected speech under the First Amendment. A prisoner's speech is protected by the First Amendment so long as it is expressed "in a manner consistent with legitimate penological interests." *Watkins v. Kasper*, 599 F.3d 791, 795 (7th Cir. 2010). But speech that is rude, disruptive, or disrespectful or that challenges prison staff's authority is not protected. *Id.* at 797–98; *Kervin v. Barnes*, 787 F.3d 833, 834 (7th Cir. 2015) ("[b]acktalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected"). Even under Collins Bey's own version of events, he was disrespectful to Wilkinson by calling him a liar, telling him that "he could have been a man and simply said 'I' don't want to pass anything," and calling him "a dick." He also stated that that no one would help Wilkinson if he got stabbed during a riot, which was not a direct threat by Collins Bey to stab someone but nonetheless was clearly an unsettling, indirectly threatening comment about harm coming to Wilkinson. Collins Bey's speech is not protected under the First Amendment and so he does not state a retaliation claim against Wilkinson.

## C.  Eighth Amendment

Collins Bey contends that defendant Kartman "dehumanized" and humiliated him by subjecting him to the back-of-cell restriction in which he had to kneel with ankles crossed, facing the wall, with his open hands raised and pressed flat against the wall whenever a correctional officer entered the cell. Prison officials violate the Eighth Amendment if they subject inmates to practices "conducted in a harassing manner intended to humiliate and inflict psychological pain" rather than for legitimate penological interests. *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir. 2004); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

On its face, the back-of-cell restriction served a legitimate penological purpose by subduing Collins Bey for his future interactions with staff after he was convicted of insulting and threatening Wilkinson. Collins Bey contends that Kartman did not issue the back of cell restriction for a legitimate purpose because he "knew or should have known" that Wilkinson falsified the conduct report. Dkt. 1-2, at 10. Collins Bey states that Kartman has seen the bodycam footage, although he makes that statement without personal knowledge so I will disregard it as speculation.

Collins Bey also contends that Kartman's knowledge of the falsity of the conduct report can be inferred from Kartman's refusal to postpone the hearing to wait for the footage and his failure to hold a new hearing after his disciplinary conviction was vacated. But even given the generosity with which I must construe a pro se plaintiff's complaint, Kartman's alleged misconduct in the disciplinary process isn't enough for me to reasonably infer that Kartman knew that Collins Bey was innocent and yet he punished him anyway to humiliate him. Collins Bey's own version of the facts establishes that he was disrespectful toward Wilkinson and made an indirect threat about no one helping Wilkinson if he were stabbed. Even if Wilkinson embellished that story and Kartman had strong reason to think that Wilkison was embellishing it, Kartman had ample legitimate reason to place Collins Bey on the back of cell restriction. Without enough facts plausibly explaining that Kartman enforced the back-of-cell restriction to humiliate Collins Bey, he cannot proceed on an Eighth Amendment clam against Kartman.

**D. Conclusion**

Collins Bey's current allegations fail to state a claim for relief. That is not to condone defendants' alleged actions. Although Collins Bey's allegations do suggest that defendants committed misconduct by fabricating portions of the conduct report and intentionally

proceeding with a disciplinary hearing without the aid of the most reliable evidence available, the Constitution does not protect prisoners against all misconduct by prison staff. Collins Bey's current allegations are not sufficient to support claims under the relatively high bar needed to state a cause of action under the Constitution.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago,* 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Collins Bey's claims with prejudice is appropriate because I see no allegations suggesting that he could amend his complaint to state a plausible theory for relief. Therefore, I am dismissing this case with prejudice for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert L. Collins Bey's motion to remand the case to state court, Dkt. 6, is DENIED.

2. Defendants' motion to screen the complaint, Dkt. 2, is DENIED as unnecessary.

3. The case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

4. The clerk of court is directed to enter judgment for defendants and close the case.

Entered October 5, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge